UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cr-00328-SEP ) |
| NATHAN G. GAUTHIER, | ) ) |
| Defendant. | ) ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the Defendant Nathan G. Gauthier, represented by defense counsel Mark A. Hammer and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the lesser-included offense of Possession of Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(5), the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's possession, receipt or distribution of child pornography between August 1, 2023, and on or about November 14, 2023.

1

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that are applicable to this case. The Government agrees to request for a sentence of no more than eighty-four (84) months of imprisonment followed by a period of life on supervised release and all applicable restitution and assessments. The parties agree that the Defendant may recommend any available sentence.*  *wA N.G. The parties understand that the Court is neither a party to nor bound by the Guideline's recommendations agreed to in this document nor the sentencing recommendation of the parties.

The defendant agrees to forfeit to the United States all property subject to forfeiture under the applicable statute(s), and the defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: four computer towers, a while mobile telephone with a black case, two Samsung tablets, a detached hard drive, two Samsung mobile telephones, three LG mobile telephones, and a large tablet with a "Spigen" case. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3. **ELEMENTS:**

As to Count 1, the Defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography, which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual depictions, where the production of such visual depictions involved the use of a minor engaging

in sexually explicit conduct, and such visual depictions were of a minor engaging in sexually explicit conduct, (3) those images are contained on material that has been transported in interstate and foreign commerce and were themselves transported in interstate and foreign commerce.

## 4. FACTS:

The parties agree that the following facts are true and accurate, and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On August 21, 2023, the Defendant distributed 479 images of one child pornography video to Det. Andrew Sitton of the St. Charles County Cyber Crime Task Force via a peer-to-peer file sharing network. These images included the following:

**FILE NAME:** 000016.jpg
**MD5:** 9974FAE59E0E6E10F06DA8732B9F4C9E
**DESCRIPTION:** A still image showing 20 individual images of a prepubescent female and pubescent male, including but not limited to images of the pubescent male inserting or attempting to insert his penis into the female's vagina.

**FILE NAME**: 000079.jpg
**MD5**: 052E0AB29A5499BVV1V1768355488CCC
**DESCRIPTION**: A still image showing 20 individual images of a pubescent male receiving oral sex from a prepubescent female.

**FILE NAME**: 000088.jpg
**MD5**: 28429FC7170704E1C0B05708EC6878
**DESCRIPTION**: A still image depicting 20 individual images of an adult male touching the exposed genitals of a toddler-aged prepubescent female seated on his lap.

3

Between August 21, 2023, and September 18, 2023, Det. Sitton downloaded hundreds of further files of child pornography from the Defendant via a peer-to peer file sharing network. On November 13, 2023, Det. Sitton obtained a residential search warrant for the Defendant's residence in Warrenton, MO through the Warren County Circuit Courts. On November 14, 2023, the search warrant was executed by members of the St. Charles County Cyber Crimes Task Force. A Samsung Galaxy S23 Ultra cellular telephone was seized from the person of the Defendant at the time the search warrant was executed. The Defendant possessed 42 videos and 95 images of child pornography on his cellular telephone, including the following:

**FILE NAME:** 9Yo Jenny Daughter.avi

**DESCRIPTION:** A video file that depicts, in part, a nude prepubescent female lying on her back, bound at her wrists and calves and engaged in sexual acts with a dog and a lascivious display of her genitals.

**FILE NAME**: 3734434816373879708.avi

**DESCRIPTION**: A video file that depicts a prepubescent female lying nude on her back. "FUCK ME" is written on her stomach, with an arrow pointing down to her vagina. A pubescent male is inserting or attempting to insert his penis into the vagina of the female.

**FILE NAME**: 8579397382213962263.avi

**DESCRIPTION**: A video file that depicts, in part, a pubescent male engaging in vaginal intercourse with a nude, prepubescent girl.

Also located on the Defendant cellular telephone were several images of a young girl, later identified as a juvenile relative of the Defendant, lying on her back using a tablet. The images were taken by the Defendant with his cellular telephone and are focused on the juvenile's pelvic area with her underwear showing. The defendant has provided babysitting for this minor in the past.

The Defendant received the child pornography he possessed via the internet. The internet was, and is, a computer communications network using interstate and foreign lines to transmit

data streams, including data streams used to store, transfer and receive graphic files. The internet is a means and facility of interstate and foreign commerce. The defendant's electronic device upon which he received, possessed and accessed child pornography was manufactured outside of the State of Missouri and travelled in interstate or foreign commerce prior to the Defendant's possession of it.

5.   **STATUTORY PENALTIES:**

The defendant fully understands that for Count I, the maximum possible penalty provided by law for Possession of Child Pornography, to which the defendant is pleading guilty, is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than five (5) years nor more than life.

6.   **U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that the Court will consider the U.S. Sentencing Guidelines in fashioning the defendant's sentence and that the sentencing range recommended under the U.S. Sentencing Guidelines is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following U.S. Sentencing Guidelines and Total Offense Level provisions may apply. The parties further agree that the following U.S. Sentencing Guideline calculations are only estimates and do not bind the parties.

   a.   **Chapter 2 Offense Conduct:**

   (1)   **Base Offense Level:** The parties agree that the base offense level is 18, as found in Section 2G2.2(a)(1)).

   (2)   **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

    i. An increase of two (2) levels because the material involved a prepubescent minor or a minor who had not attained the age of twelve (12) years per Section 2G2.2(b)(2);

    ii. An increase of five (5) levels because the defendant distributed in exchange for any valuable consideration, but not for pecuniary gain per Section 2G2.2(b)(3)(B);

    iii. An increase of four (4) levels because the offense involved materials that portrays sadistic or masochistic conduct or other depictions of violence or sexual abuse or exploitation of an infant or toddler per Section 2G2.2(b)(4);

    iv. An increase by two (2) levels because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with the intent to view the material per 2G2.2(b)(6); and

    v. An increase by five (5) levels because the offense involved "600 or more images" of child pornography per 2G2.2(b)(7)(D).

  b. **Chapter 3 Adjustments:**

  **(1) Acceptance of Responsibility:** The parties agree that 3 levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

  **e.** **Estimated Total Offense Level:** The parties estimate that the Total Offense Level will be thirty-three (33).

  **f.** **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

  **g.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that neither the Court nor the parties are bound by the Guidelines calculations set forth herein. The Court may, in its discretion, apply or not apply any Guideline despite the calculations herein, and the parties shall not be permitted to withdraw from the plea agreement. The parties may not have foreseen all applicable Guidelines. The parties recognize that they are not bound by the specific calculations made herein, and they reserve the right to argue for a Guideline calculation different than that set forth herein. The parties further reserve the right to answer any questions, provide any information and present any evidence or argument to the U.S. Probation Office and the Court related to sentencing and Guideline calculations.

**7.** **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

  **a.** **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(1)** **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial

7

motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2)** **Sentencing Issues:** In the event the Court accepts the Defendant's plea of guilty and sentences the defendant to a sentence within or below the U.S.S.C. Guideline range determined to be applicable by the Court, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the defendant to at least eighty-four (84) months imprisonment.

**b.** **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.** **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.** **OTHER:**

**a.** **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished. If, while on supervised release for this case, the defendant commits a new criminal offense under Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, the defendant shall be sentenced on the supervised release revocation to not less than five years and up to the maximum term of life imprisonment.

9

**d.      Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

(1) Chapter 77 (relating to peonage, slavery, and trafficking in persons, including, but not limited to, 18 U.S.C. § 1591 (Sex trafficking of children by force, fraud, or coercion));

(2) Chapter 109A (relating to sexual abuse);

(3) Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography));

(4) Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2422(b) (enticement of a child) and 18 U.S.C. § 2423 (transportation of minors)); or

(5) Section 274 of the Immigration and Nationality Act (8 U.S.C. 1324) (relating to human smuggling), unless the person induced, assisted, abetted or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of the law.

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other criminal penalty, restitution or assessment authorized by law, the Court may impose an assessment for each count of not more than seventeen thousand dollars ($17,000.00).

  **e.** **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **f.** **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. The Defendant reserves the right to challenge restitution amounts and special assessments.

  **g.** **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

11

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information.

Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

**10.    VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.    CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

| | |
|---|---|
| 7-28-25<br>Date | JILLIAN S. ANDERSON #53918MO<br>Assistant United States Attorney |
| 7-28-25<br>Date | NATHAN G. GAUTHIER<br>Defendant |
| 28 July 2025<br>Date | MARK A. HAMMER  mo 61542<br>Attorney for Defendant |

15